**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Victor Sanchez,<br><br>                    Plaintiff,<br><br>v.<br><br>Albertson's LLC,<br><br>                    Defendant. | Case No. 2:19-cv-02017-JAD-DJA<br><br>**Order** |

This is a personal injury action arising out of an umbrella that fell on Plaintiff Victor Sanchez's head while he was shopping at Defendant Albertson's store. Plaintiff sues Defendant for damages, claiming that it was negligent in maintaining its premises. After the Court granted Defendant's motion for sanctions, it ordered the parties to meet and confer and reach an agreement on the appropriate attorneys' fees and costs to award to Defendant. (ECF No. 73 at 21-22). The Court asked Defendant to file an affidavit of reasonable expenses and fees if the parties could not reach an agreement. (*Id.*).

Defendant filed an affidavit. (ECF No. 78). Plaintiff objected to certain of Defendant's time entries and amounts. (ECF No. 81). Defendant replied that Plaintiff's objections were not developed and that the fees were reasonable. (ECF No. 82). Because the Court finds that the rates Defendant's attorneys and paralegal charged were reasonable, but that certain of the time spent was not, it grants in part and denies in part Defendant's requested attorneys' fees and costs. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Discussion.**

The court should only award attorneys' fees that it deems reasonable. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Reasonableness is generally determined using the "lodestar" method. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Using

that method, the Court multiplies the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Id.* After making that computation, the court then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure based on the *Kerr* factors[1] that are not already subsumed in the initial lodestar calculation. *Id.* Adjustments are proper only in rare and exceptional cases. *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 915 F.Supp.2d 1179, 1188 (D. Nev. 2013) (citing *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987)).[2]

First, the Court finds that the hourly rate requested by Defendant's attorneys and paralegal is reasonable. Second, the Court determines that, while much of the time spent on the litigation was reasonable, certain hours were not. It thus conducts the lodestar computation based on the reasonable rate and reasonable hours. The Court need not reach the *Kerr* factors in adjusting the lodestar.

---

[1] The *Kerr* factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.3d 67, 70 (9th Cir. 1975).

[2] Additionally, under Local Rule 54-14, in moving for attorneys' fees, a party must include a brief summary of: (1) the results obtained and the amount involved; (2) the time and labor required; (3) the novelty and difficulty of the questions involved; (4) the skill requisite to perform the legal service properly; (5) the preclusion of other employment by the attorney due to acceptance of the case; (6) the customary fee; (7) whether the fee is fixed or contingent; (8) the time limitations imposed by the client or the circumstances; (9) the experience, reputation, and ability of the attorney(s); (10) the undesirability of the case, if any; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases; and (13) any other information the court may request. Here, although Defendant included the required summary in its reply but not the initial affidavit, the Court nonetheless finds the summary sufficient. The Court has already concluded that Defendant is entitled to attorneys' fees and is still able to analyze the reasonableness of those fees using the summary. Thus, Defendant's error of not including the summary in its initial affidavit is harmless.

1.  Defendant has demonstrated a reasonable hourly rate.

The court determines a reasonable hourly rate by reference to the "prevailing market rates in the relevant community" for an attorney of similar experience, skill, and reputation. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (quotation omitted). The relevant community generally is "the forum in which the district court sits." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (quotation omitted). "For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue were between $250 and $400." *Scott v. Smith's Food and Drug Centers, Inc.*, No. 2:18-cv-303-JCM-VCF, 2020 WL 343642, at *2 (D. Nev. Jan. 21, 2020) (compiling cases). An attorneys' fees award may include paralegal fees. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 284 (1989); *see also Agarwal v. Oregon Mut. Ins. Co.*, No. 2:11-cv-01384-LDG-NJK, 2013 WL 5882710, at *3 (D. Nev. Oct. 30, 2013) (awarding fees for paralegal work). For the Las Vegas market, paralegals typically charge between $75 to $125 per hour. *See Watson v. NCO Fin. Sys., Inc.*, No. 14-cv-1755-JAD-VCF, 2015 WL 1959163, at *2 (D. Nev. Apr. 29, 2015) (finding a $125 hourly rate to be reasonable); *Tallman v. CPS Sec. (USA), Inc.*, 23 F.Supp.3d 1249, 1260 (D. Nev. 2014) (finding a $90 hourly rate to be reasonable); *Agarwal*, 2013 WL 5882710, at *2 (finding a $75 hourly rate to be reasonable); *Plaza Bank v. Alan Green Family Trust*, No. 2:11-cv-00130-MMD-VCF, 2013 WL 1759580, at *2 (D. Nev. Apr. 24, 2013) (finding a $100 hourly rate to be reasonable).

Defendant has established a reasonable hourly rate for its attorneys and paralegal. Plaintiff explains that he has no specific objection to the $168 per hour requested by attorneys Jaquelyn Franco and Jessica Brown. However, he asserts that he objects to the "lack of support establishing the ability to seek fees for paralegals and the lack of support showing $110 an hour is a reasonable rate for any paralegal." (ECF No. 81 at 4). In reply, Defendant provides this support by citing to a Ninth Circuit case in which the court awarded $115 an hour for the services of a paralegal and explaining that Katri Ching has five years of experience and a master's degree. (ECF No. 82 at 2-3) (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 977-78 (9th Cir. 2008)); (ECF No. 82-2 at 6). The Court finds that this is sufficient to support Ms. Ching's hourly rate of $110 and that the rate falls within what is typical for the Las Vegas market. Defendant has

thus demonstrated a reasonable hourly rate of $168 an hour for Jaquelyn Franco and Jessica Brown and a rate of $110 an hour for Katri Ching.

        2.     <u>Plaintiff's attorneys have expended reasonable hours except for certain entries.</u>

The requesting party "has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez*, 729 F.3d at 1202. The court should exclude from the lodestar calculation hours that were not "reasonably expended," including hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). If the court determines some requested fees should be excluded as unreasonable, the court may exclude bill entries under an hour-by-hour analysis. *Gonzalez*, 729 F.3d at 1203. The court has "a great deal of discretion" in determining the reasonableness of the fee, "including its decision regarding the reasonableness of the hours claimed by the prevailing party." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010).

Attorneys' fees are generally not awarded in this District for time spent meeting and conferring because the local rules require counsel to meet and confer before filing any discovery motion to resolve disputes. *See Aevoe Corp. v. AE Tech Co., Ltd.*, No. 2:12-cv-00053, 2013 WL 5324787, at *6 (D. Nev. Sept. 20, 2013). Courts have awarded fees for meeting and conferring in limited circumstances. *See id.* at *6 n.12 (citing *Matlink, Inc. v. Home Depot U.S.A., Inc.*, No. 07-cv-1994-DMS-BLM, 2008 WL 8504767, at *5 (S.D. Cal. Oct. 27, 2008) (noting that such hours should generally not be included in a fee award, but awarding fees for half of such hours where opposing party "stonewalled" the meet and confer process)); *see also Allstate v. Balle*, No. 2:10-cv-02205-APG-NJK, 2013 WL 4458791, at *7 (D. Nev. Aug.15, 2013) (awarding fees for meet and confer based on the circumstances of that case); *Grimsley v. Charles River Labs.*, No. 3:08-cv-00482-LRH-VPC, 2010 WL 3238950, at *1–3 (D. Nev. Aug.13, 2010) (affirming award of fees for time spent on meet and confer efforts for party opposing motion to compel where movant failed to comply with a court order to make a "sincere effort to resolve [the] discovery disputes").

Here, Plaintiff has objected to certain of Defendant's counsel's paragraphs in her affidavit. Those paragraphs describe the work Defendant's counsel conducted on the motion for sanctions. As outlined below, the Court disagrees with certain of Plaintiff's objections but agrees with others. The paragraphs to which Plaintiff does not object, the Court does not address but finds reasonable and includes in the lodestar computation.

> 6. On September 30, 2021, Ms. Brown received, analyzed, and responded to an email from opposing counsel stating that Plaintiff no longer has communications between his former fiancé despite recent texts. The time sent on that activity was 0.5 hours.
>
> (ECF No. 78 at 2).

Plaintiff objects to this statement because the email at issue is only 3 lines long and the time spent appears to relate to the meet and confer process. The Court disagrees. This statement encompasses two time entries. Brown only spent 0.2 hours reviewing the email at issue. (ECF No. 78-2 at 4). She spent 0.3 hours corresponding with Plaintiff's counsel about the missing text messages. (*Id.*). The Court finds this time reasonably spent. Additionally, while attorneys' fees are not typically awarded for meet and confer efforts, the Court does not find this time to be related to the meet and confer. Instead, it finds the time spent related to the motion for sanctions because Brown was confirming the existence of the text messages on which the motion was based.[3]

> 7. On October 8, 2021, [Ms. Franco] corresponded with Plaintiff's counsel regarding compliance with court Order. (ECF No. 49). The time spent on that activity was 0.3 hours.

---

[3] The Court recognizes that these entries appear to have occurred before the meet and confer, which is likely why Plaintiff argues that they are related to the meet and confer. However, it appears to the Court that these entries are related to counsel determining the basis for the motion for sanctions before bringing it. And while part of the process of bringing the motion for sanctions is conducting a meet and confer, the Court does not find Defendants efforts to be in furtherance of the meet and confer, but in furtherance of the underlying motion for sanctions. It thus finds that these entries—which are not directly related to the pre-motion meet and confer— were "incurred in bringing [the] second motion for sanctions" as the Court ordered. (ECF No. 73 at 22).

(ECF No. 78 at 2).

Plaintiff objects to this time as excessive for just a few emails and related to the meet and confer process. The Court disagrees. Working with the IT company was a complicated process and ultimately, the result of the IT search formed the basis for the motion for sanctions. And just because Plaintiff paid for the IT search does not mean that counsel is not entitled to fees in analyzing whether the results of that search warranted a motion for sanctions.

> 8. Also on October 8, 2021, [Ms. Franco] met with Ms. Ching to review the status of the outstanding discovery. The time spent on that activity was 0.2 hours.
>
> 9. Also on October 8, 2021, Ms. Ching met with [Ms. Franco] to review the status [of] the production [] by the I.T. company. The time spent on those activities was 0.3 hours.

(ECF No. 78 at 2).

Plaintiff objects to these time expenditures because Defendant does not explain how meeting with a paralegal is appropriate. However, Defendant has explained that Ms. Ching was responsible for keeping track of the discovery in this case. (ECF No. 82-2 at 6). The Court is not convinced by Plaintiff's objections that this time spent relates to the meet and confer process or should be excluded because they are related to the IT search for which Plaintiff already paid. These are reasonable.

> 10. On October 11, 2021, [Ms. Franco] drafted correspondence to Plaintiff's counsel requesting meet and confer regarding failure to comply with the Court *Order* to produce the requested discovery (ECF No. 49). The time spent on that activity was 0.1 hours.
>
> 11. Also on October 11, 2021, Ms. Ching reviewed the email communication from Plaintiff's counsel regarding the outstanding discovery. The time sent on that activity was 0.1 hours.

(ECF No. 78 at 3).

Plaintiff's objection to these has merit. These are directly related to the meet and confer, rather than to determining the basis for the motion for sanctions. The Court thus excludes this time from the lodestar figure.

> 12. On October 12, 2021, [Ms. Franco] corresponded with Plaintiff's counsel regarding retention of the Cornerstone I.T. firm. The time spent on that activity was 0.2 hours.
>
> (*Id.*).

Plaintiff objects to this time expenditure because it is related to the IT search and part of the meet and confer process. For the same reasons outlined above regarding those arguments, the Court disagrees. This is reasonable.

> 14. Also on October 20, 2021, Ms. Brown drafted pages 1-6 of the *Albertsons, LLC's Second Motion for Rule 37 Sanctions.* (ECF No. 51). The time spent on that activity was 4.6 hours.
>
> (*Id.*).

Plaintiff objects to this time expenditure because a "majority of pages 1-6 consist of stock pages and portions of a declaration substantially similar" to the first motion for sanctions. (ECF No. 81 at 5). But the Court disagrees. Pages 1-6 consist of a declaration by Ms. Franco regarding the status of discovery and the basis of the motion. The declaration in the second motion for sanctions is quite different than that in the previous motion for sanctions. Pages 1-6 are also detailed, citing and attaching numerous exhibits and outlining the timeline at issue. The Court does not find Plaintiff's cited reasons sufficient to reduce this time.

> 15. On October 21, 2021, Ms. Brown drafted pages 7-18 of the *Albertson's LLC' Second Motion for Rule 37 Sanctions*, (ECF No. 51). The time spent on that activity was 9.9 hours.
>
> (ECF No. 78 at 3).

This statement references four bill entries. The first was for pages 7-10 of the motion, totaling 3.2 hours. (ECF No. 78-2 at 8). The next was for pages 11-12, totaling 2.3 hours. (*Id.*). The next, for pages 13-16, totaling 2.5 hours. (*Id.* at 9). And finally, for pages 17-18, totaling 1.9 hours. (*Id.*).

Plaintiff objects to these time expenditures because "Pages 7-11 are IDENTICAL to the background set forth in [Defendant's first motion for sanctions] except that the new document contained headings separating out the facts." (ECF No. 81 at 5). Plaintiff adds that the legal arguments section is largely a copy and paste of the first motion for sanctions. (*Id.*). Defendant argues in response that it provided new analyses and "included significantly more information

regarding the technical mechanisms available to retrieve social media messaging, reorganized the fact section, and provided the Court with a Table of Contents…" (ECF No. 82 at 5).

The Court agrees with Plaintiff regarding pages 7-10 of the motion. These pages are nearly identical—except for headings—to the prior motion to compel. It is unclear why these pages took 3.2 hours to draft. The Court thus reduces this entry by half to 1.6 hours.

The Court also agrees with Plaintiff regarding pages 11-12, which have new facts related to the instant motion, along with the same facts contained in the previous motion. Because it spans two pages and only includes about a page of new material, the Court does not find 2.3 hours to be reasonable for this entry. It thus reduces it to 1.5 hours.

Pages 13-16 are a different matter. They include new material and facts related only to the second motion to compel. The Court finds the 2.5 hours Defendant's counsel expended on these pages to be reasonable. The same is true for pages 17-18[4] and the 1.9 hours counsel expended on those pages.

> 16. Also on October 21, 2021, [Ms. Franco] reviewed correspondence from Plaintiff's counsel clarifying an email memorialization of a phone [sic] regarding the Court *Order*. (ECF No, 49). The time spent on that activity was 0.1 hours.

(ECF No. 78 at 3).

Plaintiff argues that this is related to the meet and confer process and should be excluded. The Court disagrees. For the same reasons outlined above, the Court finds this time expenditure related to the underlying motion for sanctions.

> 17. Also on October 21, [Ms. Franco] reviewed a second correspondence from Plaintiff's counsel memorializing a meet and confer. The time spent on that activity was 0.1 hours.

(*Id.*).

---

[4] The motion for sanctions is twenty pages. (ECF No. 51). It is unclear where these final two pages are incorporated in the billing. However, because neither side addresses it, neither will the Court.

Plaintiff objects to this time expenditure as related to the meet and confer process. The Court agrees. This is excluded.

> 18. Also on October 21, [Ms. Franco] drafted correspondence to Plaintiff's counsel identifying issues with Plaintiff's contentions concerning the Court *Order*. (ECF No. 49). The time spent on that activity was 0.3 hours.

(ECF No. 78 at 3).

Plaintiff objects to this time expenditure as related to the meet and confer process. However, that is not apparent from the statement. Without more, the Court will not exclude this time expenditure based on Plaintiff's belief that it relates to a meet and confer.

> 20. On October 22, 2021, Ms. Brown prepared the *Albertson's LLC's Second Motion for Rule 37 Sanctions* for filing. The time spent on that activity was 0.9 hours.

(*Id.*).

Plaintiff argues that this time expenditure appears to be clerical work and thus, the Court should exclude it. However, while "prepare" is not as clear a verb as is ideal, it still does not, on its own, indicate clerical work. Without more, the Court will not reduce this time expenditure.

> 21. On November 8, 2021, [Ms. Franco] corresponded with Plaintiff's counsel regarding a stipulation and order to extend briefing for Plaintiff's response to *Albertson's LLC's Second Motion for Rule 37 Sanctions*. The time spent on that activity was 0.3 hours.

(ECF No. 78 at 4).

Plaintiff objects to this time expenditure because it "appears related to briefing schedules, which is similar to meeting and conferring and should be excluded." (ECF No. 81 at 6). But Plaintiff provides no other argument on this point. Defendant responds that it was required to extend briefing time because Plaintiff requested more time to respond. (ECF No. 82 at 6). Defendant has the better argument here. This entry is related to Defendant's work on the motion for sanctions, even though the issue is slightly tangential. Additionally, Plaintiff has provided no authority for why an entry like this should be excluded. Without more, the Court will not exclude it.

> 22. Also on November 8, 2021, [Ms. Franco] reviewed and analyzed Plaintiff's *Albertson's LLC's Second Motion for Rule 37 Sanctions*. The time spent on that activity was 0.2 hours.

(ECF No. 78 at 4).

Plaintiff argues that this time expenditure is duplicative because Defendant had another attorney draft the motion and there is no indication that Ms. Franco was the supervising attorney on file. The Court disagrees. Ms. Franco's review occurred the same day that the parties agreed to extend Plaintiff's briefing schedule. Thus, the time spent does not appear related to the drafting of the motion but related to the parties' agreement to extend the briefing schedule. The Court will not reduce this time expenditure.

> 23. On November 9, 2021, [Ms. Franco] corresponded with Plaintiff's Counsel regarding a stipulation and order to extend briefing for Plaintiff's response to *Albertson's LLC's Second Motion for Rule 37 Sanctions*. The time spent on that activity was 0.3 hours.

(*Id.*).

Plaintiff objects to this time expenditure as related to the briefing schedule. For the reasons outlined above, the Court disagrees. It will not reduce this time.

Plaintiff objects to Defendant's paragraphs 25-30—discussing time spent drafting Defendant's reply in support of its second motion for sanctions—for being "excessive given the length of the reply and the fact that it contained some copying and pasting from [Defendant's reply in support of its first motion for sanctions]." (ECF No. 81 at 6). The Court disagrees. These bill entries appear reasonable. In total Defendant's attorney spent 7.8 hours on the reply. And while initially that amount seems high, each of the entries—broken down into smaller increments—are supported and within a reasonable limit. (ECF No. 78 at 4). Without more, the Court will not reduce these entries.

> 31. Also on November 29, 2021, [Ms. Franco] reviewed and finalized the *Reply*. The time sent on that activity was 0.5 hours.

(*Id.*).

Plaintiff objects to this time expenditure as duplicative because Ms. Brown—not Ms. Franco—drafted the motion. The Court disagrees. It is not unreasonable for Ms. Franco to have

reviewed the motion before Ms. Brown filed it. Having a second person review a document before submitting it is common. Moreover, it does not appear that Ms. Franco spent hours recreating the work done by Ms. Brown on the motion. Instead, she spent half an hour, which the Court finds consistent with the "reviewing and finalizing" she asserts to have done. The Court will not reduce this time expenditure.

> 32. On March 3, 2021, Ms. Brown reviewed the Court's Order regarding the *Albertson's LLC's Second Motion for Rule 37 Sanctions*. (ECF No. 73) The time spent on that activity was 0.4 hours.[5]
>
> 33. On March 18, 2021, Ms. Brown reviewed time billed in preparation for discussions with Opposing Counsel in compliance with ECF No. 73. The time spent on that activity was 0.8 hours.
>
> 34. On March 21, 2021, Ms. Brown redacted bills in preparation for discussions with Opposing Counsel in compliance with ECF No. 73. The time sent on that activity was 0.4 hours.

(ECF No. 78 at 4-5).

Plaintiff objects to these time expenditures because they are not part of the motion for sanctions, but instead relate to the instant affidavit and Court-ordered meet and confer in advance. Defendant does not address these in reply. The Court does not find these expenditures to be included in its order. They do not relate to the motion for sanctions but instead occurred after the Court had granted that motion. The Court will thus exclude these.

The Court calculates the lodestar figure—excluding the above reductions—below:

| Biller | Date | Rate | Hours | Total |
| --- | --- | --- | --- | --- |
| Brown | 9/30/2021 | $168 | 0.5 | $84.00 |
| Franco | 10/8/2021 | $168 | 0.3 | $50.40 |
| Franco | 10/8/2021 | $168 | 0.2 | $33.60 |

---

[5] Plaintiff does not object to this. However, for the same reasons the Court excludes the time Defendant's counsel incurred after the Court decided the motion for sanctions, the Court excludes this time.

| | | | | | |
|---|---|---|---|---|---|
| 1 | Ching | 10/8/2021 | $110 | 0.3 | $33.00 |
| 2 | Franco | 10/12/2021 | $168 | 0.2 | $33.60 |
| 3 | Brown | 10/20/2021 | $168 | 2.2 | $369.60 |
| 4 | Brown | 10/20/2021 | $168 | 4.6 | $772.80 |
| 5 | Brown | 10/21/2021 | $168 | 1.6 | $268.80 |
| 6 | Brown | 10/21/2021 | $168 | 1.5 | $252.00 |
| 7 | Brown | 10/21/2021 | $168 | 2.5 | $420.00 |
| 8 | Brown | 10/21/2021 | $168 | 1.9 | $319.20 |
| 9 | Franco | 10/21/2021 | $168 | 0.1 | $16.80 |
| 10 | Franco | 10/21/2021 | $168 | 0.3 | $50.40 |
| 11 | Brown | 10/21/2021 | $168 | 2.9 | $487.20 |
| 12 | Brown | 10/22/2021 | $168 | 0.9 | $151.20 |
| 13 | Franco | 11/8/2021 | $168 | 0.3 | $50.40 |
| 14 | Franco | 11/8/2021 | $168 | 0.2 | $33.60 |
| 15 | Franco | 11/9/2021 | $168 | 0.3 | $50.40 |
| 16 | Brown | 11/12/2021 | $168 | 0.4 | $67.20 |
| 17 | Brown | 11/12/2021 | $168 | 1.2 | $201.60 |
| 18 | Brown | 11/18/2021 | $168 | 0.5 | $84.00 |
| 19 | Brown | 11/22/2021 | $168 | 3.7 | $621.60 |
| 20 | Brown | 11/24/2021 | $168 | 0.5 | $84.00 |
| 21 | Brown | 11/27/2021 | $168 | 0.5 | $84.00 |
| 22 | Brown | 11/29/2021 | $168 | 0.9 | $151.20 |
| 23 | Franco | 11/29/2021 | $168 | 0.5 | $84.00 |
| | **Total** | | | | **$4,854.60** |

Based on that calculation, the Court will award $4,854.60 in attorneys' fees.[6]

---

[6] Defendant's affidavit does not mention costs.

**IT IS THEREFORE ORDERED** that the Court awards Defendant $4,854.60 in attorneys' fees.

DATED: June 24, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE