UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Victor Sanchez,<br><br>Plaintiff<br><br>v.<br><br>Albertson's LLC,<br><br>Defendant | Case No.: 2:19-cv-02017-JAD-DJA<br><br>**Order Granting Summary Judgment on all but the Causation and Damages Elements of the Negligence Claim, Adopting the Magistrate Judge's Recommendation Regarding Spoliation Jury Instruction, Affirming the Magistrate Judge's Order Regarding Sanctions, and Denying Plaintiff's Appeal from that Order**<br><br>[ECF Nos. 58, 60, 73, 74] |

Victor Sanchez brings this negligence action against grocery store Albertson's LLC after a patio umbrella perched atop one of the store's freezers fell on his head. Both parties cross move for partial summary judgment on certain claims, elements of claims, and affirmative defenses. The magistrate judge recommends that I sanction the store for selling the umbrella after the incident, thereby spoliating evidence. Sanchez appeals the parts of the magistrate judge's order denying his request to hold the store's experts in contempt and granting the store's motion for Federal Rule of Civil Procedure (FRCP) 11 sanctions against him.

Because Sanchez hasn't shown evidence of negligent hiring and supervision, I grant the store summary judgment on that claim. And the store has admitted to the duty and breach-of-duty elements of negligence, so I grant Sanchez summary judgment on those two elements only. But because the reasonableness of Sanchez's damages is a question for the jury, I deny Sanchez's motion for summary judgment on the damages related to specific medical bills. And I deny Sanchez's motion as to the store's affirmative defenses because they don't appear on the face of the store's amended answer and are thus moot. I also adopt the magistrate judge's report

and recommendation (R&R) sanctioning the store for spoliating evidence and affirm his decision to deny Sanchez's contempt motion and sanction him for filing it.

## Discussion

**I.      Cross motions for summary judgment[1] [ECF Nos. 58, 72]**

### A.      Summary-judgment standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[2]  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."[3]  A fact is material if it could affect the outcome of the case.[4]

On summary judgment, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party.[5]  So the parties' burdens on an issue at trial are critical. When the party moving for summary judgment would bear the burden of proof, "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[6]  If it does, the burden shifts to the nonmoving party, who "must present

---

[1] I find that these motions are suitable for disposition without oral argument.  L.R. 78-1.

[2] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  The court's ability to grant summary judgment on certain issues or elements is inherent in Federal Rule of Civil Procedure (FRCP) 56.  *See* Fed. R. Civ. P. 56(a).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[4] *Id.* at 249.

[5] *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[6] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

significant probative evidence tending to support its claim or defense."[7]  But when the moving party does not bear the burden of proof on the dispositive issue at trial, it is not required to produce evidence to negate the opponent's claim—its burden is merely to point out the evidence showing the absence of a genuine material factual issue.[8]  The movant need only defeat one element of a claim to garner summary judgment on it because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[9]

### B.   Sanchez hasn't presented evidence of negligent training or supervision, so summary judgment is appropriate on that claim [ECF No. 58].

One of Sanchez's claims is for "negligent hiring, supervision[,] and failure to warn."[10]  Nevada courts recognize two separate torts—one for negligent hiring and another for negligent training, supervision, and retention—but not one that merges them together.[11]  In his opposition brief, Sanchez "agrees to dismiss the negligent hiring claim," so I construe his claim as one for negligent training, supervision, and retention only.[12]

---

[7] *Id.*

[8] *Celotex*, 477 U.S. at 323.

[9] *Id.* at 322.

[10] ECF No. 1 at 10.  Sanchez doesn't allege any facts supporting a failure-to-warn claim.  And to the extent that he intended to bring a separate failure-to-warn claim, he fails to do so.  Merely including "failure to warn" in the title of a cause of action and alleging no facts to support that theory is insufficient to plead a claim.  *See id.* at 1; ECF No. 68 at 6.  Even if such a claim had been alleged, failure to warn is a product-liability theory that doesn't apply to a premises-liability case like this, so leave to amend would be futile.  *See Motor Coach Indus., Inc. v. Khiabani*, 493 P.3d 1007, 1011–12 (Nev. 2021) (citing *Rivera v. Philip Morris, Inc.*, 209 P.3d 271, 275 (Nev. 2009)).

[11] *Vaughan v. Harrah's Las Vegas, Inc.*, 238 P.3d 863 (Nev. 2008) (separately analyzing a negligent-hiring claim and one for negligent training, supervision, and retention).

[12] ECF No. 68 at 5.

In Nevada, the elements of such a claim are: "(1) a general duty on the employer to use reasonable care in the training, supervision, and retention of employees to ensure that they are fit for their positions, (2) breach, (3) injury, and (4) causation."[13] The store argues that Sanchez "has no admissible evidence showing who the employee was that placed the umbrella on top of the freezer" and alternatively that this claim is duplicative of Sanchez's negligence claim.[14] Sanchez responds that "[p]roperly trained employees would have known industry standards, including tie[-]downs, for safely [] placing items on top of freezers" and that this cause of action isn't duplicative of his negligence claim.[15] For the latter proposition, he puzzlingly relies on an out-of-circuit product-liability case with a different procedural posture than this case.[16] But I need not and do not reach the store's alternative argument about whether this claim is duplicative because Sanchez hasn't established the elements of a negligent-supervision claim.

Much of the store's summary-judgment argument focuses on the negligent-hiring portion of Sanchez's claim, which Sanchez has agreed to dismiss. Even the elements that the store presents in its motion are those of a negligent-hiring claim, emphasizing whether a "defendant knew, or should have known, of [an] employee's dangerous propensities" prior to hiring.[17] So little analysis in the store's motion is helpful here aside from its argument that Sanchez lacks

---

[13] *Lambey v. Nev. ex rel. Dep't of Health and Hum. Servs.*, 2008 WL 2704191 at *4 (D. Nev. July 3, 2008) (citing *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996) for duty and breach elements and *Jespersen v. Harrah's Operating Co.*, 280 F. Supp. 2d 1189, 1195 (D. Nev. 2002), for elements of injury and causation).

[14] ECF No. 58 at 5–9. The store's argument also focuses on Sanchez's failure to provide evidence of the store's hiring practices, but because Sanchez concedes the negligent-hiring portion of his claim, I don't address the store's hiring-related arguments. *Id.*

[15] ECF No. 68 at 5–6.

[16] *Id.* (citing *State Farm Fire and Casualty Co. v. Amazon.com, Inc.*, 414 F. Supp. 3d 870, 875 (N.D. Miss. 2019)).

[17] ECF No. 58 at 5 (citing *Hall*, 930 P.3d at 99).

admissible evidence identifying the person who placed the umbrella on the freezer and of the store's training policies and procedures. Indeed, Sanchez presents no such evidence. He provides an expert report concluding that the incident "was completely avoidable at the hands of [the store] and professionally trained employees."[18] Sanchez also provides deposition testimony showing that the store admits to duty and breach, but not causation or damages.[19]

But it remains unknown which employee put the umbrella on top of the freezer, whether he or she did so independently or at someone's direction, and what the store's policies were about securing products on display. Without such evidence, it is impossible to determine causation—that is, whether the responsible person was an employee and if so, whether that employee had been negligently supervised and trained. Even if the employee's identity were known, without evidence of the store's policies, it can't be determined whether the store's training—or lack thereof—was the cause of the incident. So because Sanchez hasn't established the causation element of this claim, I grant the store summary judgment on it. The crux of this case is simple negligence, and it is on that claim only that this matter proceeds.

C. **Sanchez's motion for partial summary judgment [ECF No. 72]**

1. *Because the store has conceded the duty and breach elements of negligence, Sanchez is entitled to summary judgment on those elements only.*

Sanchez moves for partial summary judgment on the duty and breach elements of his negligence claim.[20] The store has repeatedly conceded those two elements.[21] Because the parties don't dispute that the store had a duty to keep its premises safe or that it breached that

---

[18] ECF No. 68-1 at 21 (preliminary expert report by John R. Peterson).
[19] ECF No. 68-2 at 26 (deposition testimony of Jody Wood, the store's FRCP 30(b)(6) witness).
[20] ECF No. 80 at 5–6.
[21] *See, e.g.*, ECF No. 58 at 3, 10; ECF No. 68-2 at 26; ECF No. 87 at ¶ 5.

duty by allowing the umbrella to fall and hit Sanchez, I grant summary judgment in Sanchez's favor on those two elements of his negligence claim only, and this claim proceeds to trial on the causation and damages elements.

### 2. The store's amended answer omits the affirmative defenses that Sanchez challenges, so the issue is moot.

Sanchez also seeks summary judgment on four of the affirmative defenses that appeared in the store's initial answer.[22] These include the store's assertion that "the premises were in a reasonably safe condition for use by patrons," Sanchez "failed to name a party necessary for full and adequate relief essential in this action," Sanchez's damages "were proximately caused or contributed to by [his] own negligence," and Sanchez "did not exercise ordinary care, caution[,] or prudence to avoid the loss."[23] The store doesn't address Sanchez's arguments about these affirmative defenses in its opposition brief, so he contends that the store's silence amounts to a concession that summary judgment is appropriate.[24] But these four defenses were dropped from the store's amended answer.[25] In fact, the store added a section to that amended pleading in which it patently admits that it owed Sanchez a duty to keep its premises safe—a duty that it also admits to violating.[26] Because these affirmative defenses do not appear on the face of the store's amended answer, I deny as moot Sanchez's motion to grant summary judgment on them.

---

[22] ECF No. 80 at 2, 6; ECF No. 1 at 25–26.

[23] ECF No. 1 at 25–26.

[24] *See* ECF No. 66; ECF No. 70 at 2.

[25] *See* ECF No. 87 at 3–4.  The inclusion of "[proposed]" in the title of the amended answer appears to be an errant vestige from its original filing as an attachment to the motion for leave, *see* ECF No. 84-2, which was granted.  ECF No. 86.

[26] *Id.* at ¶ 5.

### 3. *Sanchez isn't entitled to summary judgment on a portion of his damages.*

Sanchez also seeks partial summary judgment on "causation and damages of the treatment and billing from . . . [four medical] providers in the amounts of $2,636.00, $900.00[,] and $3,433.00."[27] These are the amounts that he paid for his "initial ER visit, the initial neurologist appointment[,] and the subsequently ordered brain MRI."[28] He relies on the Nevada Supreme Court's unpublished decision in *Didier v. Sotolongo* to argue that, because the store "has no expert to rebut the treatment," Sanchez is entitled to summary judgment on those portions of causation and damages.[29] The store responds that, because the medical records are unauthenticated and "there is conflicting evidence" about the remaining elements of Sanchez's negligence claim, this issue should be decided by a jury, not on summary judgment.[30]

Generally, "[a]n unpublished disposition, while publicly available, does not establish mandatory precedent."[31] But "[a] party may cite [such a case] for its persuasive value."[32] Sanchez doesn't dispute that *Didier* is unpublished and thus not binding.[33] But he cites no other relevant authority to support his position that, once a plaintiff in a negligence case presents an

---

[27] ECF No. 80 at 6–7.

[28] ECF No. 70 at 3.

[29] ECF No. 80 at 6–7 (citing *Didier v. Sotolongo*, 2019 WL 2339970, at *2 (Nev. May 31, 2019) (unpublished)).

[30] ECF No. 66 at 4–5.

[31] Nev. R. App. P. 36(c)(2).

[32] *Id.* at 36(c)(3).

[33] *See* ECF No. 80 at 7.

7

expert opinion about causation and damages, "the defendant must thereafter provide an expert opinion that would tend to rebut the plaintiff's position."[34]

Sanchez does cite two published cases for the proposition that "[a d]efendant may not rely on layperson testimony to rebut an expert's opinion establishing causation for the injury and damages."[35] The first, *Lord v. State*, is a criminal case—not addressing negligence—in which the Nevada Supreme Court concluded that a detective shouldn't have been permitted to testify about the causation of the criminal defendant's injuries and that a medical expert's opinion should have been offered instead.[36] Nowhere in *Lord* did the Court require that the defendant provide expert testimony to rebut that of a plaintiff's expert. That point is even less apparent in *Lerner Shops of Nevada, Inc. v. Marin*, a seminal false-imprisonment case in Nevada that also didn't involve negligence. The relevance of *Lerner Shops* to Sanchez's case is not apparent, as the only portion of the opinion that could reasonably be construed as relating to his expert-opinion argument is its conclusion that expert testimony must be provided to support the notion "that future pain and suffering is a probable consequence rather than a mere possibility."[37] But future pain and suffering is not at issue here.

Sanchez's conclusory argument merely states that he is entitled to partial summary judgment on just under $7,000 in damages because the store "has no expert to rebut the treatment from Centenntial Hills Hospital (and the separate bill for the physician), Dr. Fazzini[,] and the

---

[34] *Id.* (quoting *Didier*, 2019 WL 2339970, at *2).

[35] *Id.* (citing *Lord v. State*, 806 P.2d 548, 551 (Nev. 1991)); *Lerner Shops of Nev., Inc. v. Marin* 423 P.2d 398, 401 (Nev. 1967)).

[36] *Lord*, 806 P.2d at 551 (ultimately holding that this amounted to harmless error).

[37] *Lerner Shops*, 423 P.2d at 398 (citations omitted).

brain MRI at Pueblo Medical Imaging."[38]  But Sanchez doesn't present evidence causally linking the fallen umbrella to all of his injuries.  Even if he did, the issue of damages on each of the three medical bills requires a reasonableness assessment, and the Nevada Supreme Court has long recognized that, "[g]enerally, 'quantities of damages are determined by the jury.'"[39]  So I decline Sanchez's invitation to engage in a piecemeal assessment of causation and damages and instead leave that determination for the jury.[40]

## II.   The magistrate judge's order is affirmed [ECF No. 73].

Earlier this year, the magistrate judge issued an order resolving several of the parties' motions.[41]  Sanchez appeals two parts of that order: the denial of his motion to hold the store's experts in contempt and the granting of FRCP 11 sanctions against him for filing the contempt motion in the first place.[42]  The store urges me to affirm the magistrate judge's order.[43]  A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[44]  This standard of review "is significantly deferential" to a magistrate judge's determination.[45]  A district judge should reverse a magistrate judge's determination

---

[38] ECF No. 80 at 7.

[39] *Albios v. Horizon Comty's, Inc.*, 132 P.3d 1022, 1034 (Nev. 2006) (quoting *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 547 (2005)).

[40] There also appear to exist genuine disputes of material fact about the extent of Sanchez's injuries, such as whether he had a mere "bump or bruise" on his head or a concussion.  ECF No. 66 at 3, 5 (citing ECF No. 66-5).  These disputes preclude summary judgment.

[41] ECF No. 73 (order and R&R).

[42] ECF No. 74 (Sanchez's objections to the magistrate judge's R&R and appeal of his order).

[43] ECF No. 76.

[44] L.R. IB 3-1(a).

[45] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

under this standard only if she has "a definite and firm conviction that a mistake [of fact] has been committed"[46] or a relevant statute, law, or rule has been omitted or misapplied.[47]

### A. The denial of Sanchez's contempt motion is affirmed.

Sanchez proffers five reasons why his contempt motion should have been granted: (1) the store's objection to the subpoenas didn't relieve the experts from compliance; (2) the store and its experts knew what remained to be produced, and Sanchez didn't waive production; (3) contempt is the correct procedural vehicle to coerce compliance; (4) there is no adequate excuse for the experts' non-compliance; and (5) the store lacked standing to even object to the subpoenas on the experts' behalf.[48] The store responds that the motion was properly denied because the experts—who Sanchez's counsel had already deposed—were not required to provide Sanchez with further documents on the eve of the close of discovery, and even if they were, he should have brought a motion to compel rather than a contempt motion.[49] The store also reiterates its concern about Sanchez's ex-parte communications with experts, which he engaged in by mailing the contempt motion to the residence of one of the store's experts and to the business address of another—a tactic that the store and the magistrate judge characterize as harassment.[50]

Under FRCP 45(g), a district court "may hold in contempt a person who . . . fails without adequate excuse to obey [a] subpoena or an order related to it."[51] In denying Sanchez's

---

[46] *Id.* (internal quotation marks omitted).
[47] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).
[48] ECF No. 52 at 4–5; ECF No. 74 at 4–8.
[49] ECF No. 73 at 8 (citing ECF No. 54 at 6, 10–11).
[50] ECF No. 76 at 3–4.
[51] Fed. R. Civ. P. 45(g).

contempt motion, the magistrate judge reasoned that, "if counsel cannot agree what else the experts were obligated to produce, [Sanchez] cannot reasonably ask to hold the experts in contempt for not knowing either."[52] And because "the experts believed the issue resolved," that constituted "an adequate excuse for them not responding to [Sanchez's] renewed requests for additional subpoena responses over six months after they believed their obligations fulfilled."[53]

I find that it was reasonable for the experts not to respond to the subpoenas because they believed that the parties had already agreed on what the experts would produce, and that didn't include what Sanchez was seeking. It would have been unreasonable for the experts to know—or even consider—that the store lacked standing to object to the subpoenas, so their belief that the disagreement over production was resolved amounted to an adequate excuse. And, as the magistrate judge concluded, a contempt motion was an improper procedural vehicle for such relief. So under the significantly deferential standard of review that applies here, I find that the magistrate judge's order was neither clearly erroneous nor contrary to law, I adopt the magistrate judge's reasoning and affirm the order, and I deny Sanchez's appeal.

**B.     The decision to grant sanctions against Sanchez is affirmed.**

Sanchez also appeals the portion of the magistrate judge's order granting FRCP 11 sanctions against him for filing his contempt motion with the intent to harass the store's experts.[54] Such sanctions, Sanchez argues, are unwarranted because his contempt motion wasn't brought for an improper purpose.[55] The store disagrees, arguing that Sanchez brought the

---

[52] ECF No. 73 at 16.
[53] *Id.*
[54] ECF No. 74 at 8–10.
[55] *Id.*

motion to "circumvent the authority of this [c]ourt and frustrate [the store's] relationship with its own experts."[56]

FRCP 11 gives courts discretion to impose sanctions on a party or counsel who brings a motion "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."[57] The magistrate judge granted the store's motion for sanctions, reasoning that Sanchez's "motive—to obtain missing documents—does not square with his requested relief—to hold [the store's] experts in contempt."[58] So Sanchez was ordered to pay the store's reasonable costs and attorney's fees incurred in defending against the contempt motion.[59]

The magistrate judge's ruling is not clearly erroneous or contrary to law. In the Ninth Circuit, a filing is sanctionable if it is "legally frivolous" or "factually misleading."[60] I find that Sanchez's decision to bring a motion for contempt against expert witnesses was legally frivolous because contempt is meant for those who "fail[] without adequate excuse to obey [a] subpoena."[61] But the experts did have an adequate excuse—they had already been deposed months prior, and while Sanchez had a right to seek additional documents, the store had a right to object, which it did.[62] Further, Sanchez refused to identify which documents the store and its experts should produce, and he also mailed copies of the motion to an expert's residence and to

---

[56] ECF No. 76 at 7.
[57] Fed. R. Civ. P. 11(b)(1).
[58] ECF No. 73 at 20–21.
[59] *Id.* at 21.
[60] *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002).
[61] Fed. R. Civ. P. 45(g).
[62] ECF No. 76 at 3.

another's place of business—seemingly in an attempt to harass or intimidate them.[63]  I thus affirm the magistrate judge's order directing Sanchez to pay the store's reasonable attorney's fees and costs incurred in defending against the contempt motion.

### III. The magistrate judge's R&R is adopted in full [ECF No. 73].

Sanchez moved for sanctions last year, asserting that the store destroyed evidence by selling the umbrella after the incident, making it impossible to determine the umbrella's weight.[64]  The magistrate judge recommends that I grant that motion in part and give an adverse jury instruction at trial to make up for this loss, a recommendation to which no one objects.[65]  A district judge need only review a magistrate judge's R&R to the extent that an objection is raised.[66]  Having reviewed the recommendation, I find good cause to adopt it.  So I will enter the following jury instruction should this case go to trial: The jury is instructed that Albertson's sold the umbrella at issue in this case and that umbrella may have weighed anywhere from 20 to 70 pounds.[67]

## Conclusion

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment **[ECF No. 58] is GRANTED**.  Partial summary judgment is granted in the defendant's favor on Sanchez's negligent-hiring-and-supervision claim.

---

[63] *Id.* at 3–4.

[64] ECF No. 59 at 5.

[65] ECF No. 73 at 16–19.

[66] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[67] ECF No. 73 at 19.

IT IS FURTHER ORDERED that Sanchez's motion for summary judgment **[ECF No. 60] is GRANTED in part and DENIED in part**. Sanchez is entitled to summary judgment on the duty and breach elements of his negligence claim, but Sanchez's summary-judgment motion is denied as to causation and damages, so this case proceeds to trial on those elements only.

IT IS FURTHER ORDERED that the magistrate judge's order **[ECF No. 73] is AFFIRMED**, and the magistrate judge's R&R **[ECF No. 73]** is adopted in full. Sanchez's appeal of the magistrate judge's order **[ECF No. 74] is DENIED**. At trial, the jury will be instructed that Albertson's sold the umbrella at issue in this case and that umbrella may have weighed anywhere from 20 to 70 pounds.

IT IS FURTHER ORDERED that this case is **REFERRED to the magistrate judge for a mandatory settlement conference** on the remaining elements of Sanchez's negligence claim. The parties' deadline to file their proposed joint pretrial order is stayed until 10 days after the settlement conference, should this case not resolve.

_____
U.S. District Judge Jennifer A. Dorsey
July 27, 2022